Jackson, Justice.
This suit was on a note for $330.00 for three mules, .given by defendant’s firm to the plaintiff. The only question pressed before us is whether,-after the note fell due. .and one of the mules was attached and sold, the defendant could recoup, because of the fact that the attachment was wrongfully sued out, it not being sworn to properly <or sworn to at all. The attachment had nothing to do *80 with the contract by which the defendant promised to* pay for these mules and gave his note therefor, but was a. remedy which sprang from the law of the land which, gave the plaintiffs the right to attach it if the note was not paid. It Would be curious if, after the defendant did not make-any defense to the attachment on the ground of want of affidavit or otherwise, he should be allowed to recoup in damages for its being illegally sued out.
The mule attached sold for $27.00, and the court allowed, that as a credit on the note.
The verdict is right—at least the evidence is sufficient to support it. The defendant kept and worked the mules without complaint, so far as the record shows, and ought to pay for them. And the only point urged before us is. that which arises out of the plea to recoup, because, in. suing out the remedy the law gave him, the plaintiff made some mistake in regard to the affidavit.
That attachment did not arise out of the contract, but in violation of it by the defendant’s not paying the note. It was a tort if wrongful, and separate from the contract, and could not be recouped against the note. Code, §§2910— 2912.
Judgment affirmed.